IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DAVID BARBER,

                Plaintiff,                OPINION AND ORDER

    v.

                                                            16-cv-221-wmc

WAYNE STUESSY,

                Defendant.

    *Pro se* plaintiff David Barber claims that defendant Wayne Stuessy, the records supervisor at Oakhill Correctional Institution, violated the Eighth and Fourteenth Amendments of the United States Constitution by refusing to release Barber from custody after a judge issued multiple orders related to Barber's sentence credit. On October 3, 2017, the court granted Stuessy's motion for summary judgment and denied Barber's motion for summary judgment. (Dkt. #41.) On November 1 and 13, 2017, Barber filed separate motions seeking reconsideration and relief from judgment, citing to Federal Rule of Civil Procedure 60(b)(6). (Dkt. ##42, 45, 52, 53.) The motions will be denied for the reasons that follow.

## OPINION

    Federal Rule of Civil Procedure 60(b) provides for relief from "a final judgment order, or proceeding" on many grounds, including mistake, misconduct, or, as set forth in Rule 60(b)(6), "any other reason that justifies relief." However, relief from a final judgment under any subsection of Rule 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." *Bakery Mach. & Fabrication, Inc. v. Trad. Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009). Such relief is not appropriate here.

1

The court entered judgment in Stuessy's favor for two reasons. *First*, the court found, based on the undisputed evidence of record, that a reasonable jury could not find Stuessy acted with deliberate indifference. As this court previously explained, in the context of the Eighth Amendment, "[d]eliberate indifference requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk." *Figgs v. Dawson*, 829 F.3d 895, 902-03 (7th Cir. 2016); *Armato v. Grounds*, 766 F.3d 713, 719–20 (7th Cir. 2014). As further noted, the Seventh Circuit "explained that prison officials are permitted to rely upon 'a reasonable interpretation of a state statute,' even if they are ultimately mistaken." (Dkt. #41, at 6-7 (citing *Armato v. Grounds*, 766 F.3d 713, 720 (7th Cir. 2014)).

While the evidence here *could* support a finding that Stuessy was mistaken in not releasing Barber upon receipt of Judge Werner's November 13, 2012, or December 2, 2012, orders, a reasonable jury would still not conclude that Stuessy acted with deliberate indifference. The court reached that conclusion based on the undisputed facts that: (1) Stuessy had reason to believe the judge's orders violated Wisconsin law, or at least the Wisconsin Department of Correction's ("DOC") interpretation of Wisconsin's sentence credit statutes; and (2) Stuessy did not simply deny Barber's release, but sought further clarification from the judge, as well as the Division of Adult Institutions. Moreover, once Judge Werner subsequently clarified his intent in a December 11 order, Barber was immediately released.

*Second*, the court found that to the extent it was a close call, qualified immunity shielded Stuessy from liability for money damages. Specifically, Stuessy relied on the

2

DOC's longstanding interpretation of Wisconsin statutes regarding sentencing credit. More specifically, based on the DOC's own interpretation of Wis. Stat. § 304.072 and § 973.155 as of 2012, Stuessy had a good faith basis to believe that Barber was not entitled to the sentence credit Judge Werner's November 13 order appeared to authorize. The court further noted that the Wisconsin Supreme Court did not reject the DOC's interpretation until 2015, concluding then that a sentence credit given by a court after a revocation and reconfinement should be applied to reduce the incarceration period, rather than parole, even if the reincarceration order itself was not issued by the court. (Dkt. #41, at 8 (citing *State v. Obriecht*, 2015 WI 66, 363 Wis. 2d 816, 867 N.W.2d 387).)

Nevertheless, Barber offers several, additional arguments in support of his motions. To the extent not raised before, each is untimely under Rule 60 Regardless, none merit relief. As an initial matter, he argues Wisconsin law governing sentence credit was clearly established in 2012 and required Stuessy to cause Barber's release on November 12, when Judge Werner issued his first order. While Barber cites to other statutory provisions, he fails to confront the undisputed fact that Stuessy acted in compliance with the DOC's existing interpretation of Wisconsin's sentence credit statutes. Instead, he complains that the court did not identify how the DOC interpreted the Wisconsin statutes about sentence credit, but he is simply mistaken. As the court stated:

> [U]nder Wisconsin Department of Correction's ("DOC") interpretation of state statutes, sentencing credit could only be applied to reconfinement time for time spent in custody with that same violation. Stuessy originally believed the sentence credit was granted for time Barber spent at Rock Valley Community Programs in 2006. Because Barber had been previously revoked in 2007, however, Stuessy now believed that any credit for time in 2006 should have been applied to reduce his reconfinement time in 2007. To the extent it was not, Stuessy argues that the credit could only be applied to

3

> reduce his remaining term of extended supervision, not his current reconfinement period.

(*Id.* at 3.)

Next, Barber claims that Stuessy's behavior could support a finding of deliberate indifference because (1) Judge Werner's order was unambiguous and (2) Stuessy's one letter to the court was too ineffectual to preclude a finding of deliberate indifference. Tellingly, Barber relies heavily on the Wisconsin Supreme Court's 2015 decision in *Obriecht* in support of this argument, but, as explained above, that decision was issued three years *after* Stuessy addressed Barber's request for release. Furthermore, while Barber argues that Stuessy *conceded* his mistake by ultimately approving Barber's release in December of 2012, the court already found this fact ultimately unhelpful to Barber's claim. In particular, the fact that Stuessy may have been mistaken in delaying Barber's release does not support a finding that he acted *without reason* in November of 2012. If anything, the fact that Stuessy followed up to determine whether Judge Werner was authorized to issue the orders and immediately released Barber upon receiving further guidance from the court further contradicts a claim that he acted with deliberate indifference to Barber's rights.

Finally, while Barber claims that he is entitled to relief from judgment because he needed the help of an attorney, the record does not support such a finding. There were no factual disputes in the record on summary judgment, nor does Barber suggest any even now, and it is apparent that the law simply did not permit a finding in Barber's favor on those facts. Accordingly, Barber's motions will be denied.

ORDER

IT IS ORDERED that plaintiff David Barber's motions for relief from judgment (dkt. ##43, 45, 52, 53) are DENIED.

Entered this 20th day of March, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge